PER CURIAM.
On November 12, 1975, a number of members of the police force of the City of Miami Beach filed a complaint against the City, its police department, the personnel director, the personnel representative of the City and members of the Oral Review Board. The complaint challenged the validity of an examination given by the City police department, on the basis of which to establish a list for promotion to police sergeant. By the City’s personnel rule (VI § 3), after such an examination, the personnel director would prepare a promotional list of those who passed such examination, listing them in the order established by their respective ratings on the examination. Such promotional list would expire one year after the posting of the records of the promotional examination, and, when such a list was combined with an existing list, it would expire one year after being so combined.
The trial court enjoined promotions under such list pending the litigation [except for certain promotions which the court found should be made, and with which this case presently is not concerned].
On March 30, 1977, the court entered a final judgment upholding the written portion of the challenged examination but holding the oral portion of the examination to be invalid. Thereby the results of the examination were made effective for promotional list purposes. The City appealed. Officers Terry Bahn and William Lamb, who had passed both the written and the oral portions of the examination, having been allowed to intervene as defendants filed a cross-appeal.
While its appeal was pending, the City worked out a settlement. However, upon *951 recognizing that the judgment of the trial court had not specified a date for the termination of the promotional list which, except for the litigation, would long since have expired, the City requested and obtained from this court an order relinquishing jurisdiction to the trial court to determine and report to this court the date upon which such promotional list would expire. By an order entered July 18, 1977, the trial court found November 1, 1977, as the date for expiration of the list. In that order the court made reference to the fact that no promotions had been made from that list since 1975, during pendency of the action, and that because of budgetary problems of the City could not be made before October of 1977, but that promotions could be made from the list during October, whereupon the trial court fixed the expiration date of November 1, 1977. In view of the settlement made with the City, its appeal was dismissed but jurisdiction of the cross-appeal was retained.
The cross-appellants argue that termination of the list on November 1,1977, was in violation of the personnel rule referred to above, and contend that the rule would require the list to remain in existence for one year from the posting thereof in March of 1977 by virtue of the final judgment. They argue further that they are disadvantaged by the early expiration date fixed by the court for the reason that if they were not promoted therefrom in October of 1977, a new list to which they would be carried over could include other new examinees who might outrank them on such a new list.
The City argues that the trial court had discretion in the matter, and that in fixing the termination date of the list was not shown to have abused its discretion. We agree with the argument thus advanced by the City. The decision of the trial court that the list should terminate on November 1, 1977, would appear to be supported by sound reasons. Since promotions from the list had been long deferred pending the litigation, promotions necessary to be made from the list could be made therefrom without lengthy extension of its existence. In that interval of time it is reasonable to assume that other fitting applicants for promotion could and should become entitled to compete for advancement, and gain position on a new list after expiration of the existing list.
Upon review of the matter, we hold no sufficient reasons have been shown to require disturbance of the trial court's order.
Affirmed.